**LIDE HE, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–3515–ag.

United States Court of Appeals, Second Circuit.

May 1, 2006.

Frank R. Liu, New York, New York, for Petitioner.

Gregory R. Miller, United States Attorney; F. Bryan Wilson, Assistant United States Attorney, Northern District of Florida, Tallahassee, Florida, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. GUIDO CALABRESI, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Lide He ("Lide"), through counsel, petitions for review of the June 2005 order affirming Immigration Judge ("IJ") Jeffrey S. Chase's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history in this case.

This Court reviews the IJ decision where, as here, the BIA summarily adopted or affirmed the IJ decision without opinion. *See Twum v. INS,* 411 F.3d 54, 58 (2d. Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B), and giving "particular deference" to credibility determinations, *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–*

*Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

Substantial evidence does not support the IJ's adverse credibility determination. The IJ's credibility finding improperly relied, in part, on "misstatement[s] of the facts in the record," *e.g.*, concerning the nature of Lide's employment. *Zhou Yun Zhang*, 386 F.3d at 74. The IJ also relied, again improperly, on minor inconsistencies between Lide's written and oral accounts of persecution to find him not credible. *See Alvarado–Carillo v. INS*, 251 F.3d 44, 51–52 (2d Cir.2001). Moreover, the IJ's judgments about the implausibility of Lide being invited to a conference and expressing his opposition to biological weapons were bald speculation. *See Chung Sai Zheng v. Gonzales*, 440 F.3d 76, 81 (2d Cir.2006) (per curiam). In addition, the IJ gave no good reason for disregarding the corroborating letters submitted by Lide. *See Pavlova v. INS*, 441 F.3d 82, 90–91 (2d Cir.2006).

Finally, the IJ erred when he failed to make an independent ruling on Lide's CAT claim. *See Ramsameachire*, 357 F.3d at 184–86.

For the foregoing reasons, the petition for review is GRANTED, the decision of the BIA is VACATED, and the case is REMANDED for further proceedings consistent with this decision. Should the BIA remand further, we urge that Lide's asylum application be assigned to a different IJ. *See, e.g., Yang v. BIA*, 440 F.3d 72, 76 (2d Cir.2006) (per curiam).

Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).